CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 0 2 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

ROBERTA C. REARDON,          )
                             )          Civil Action No. 5:06CV00079
          Plaintiff,         )
                             )
v.                           )          **MEMORANDUM OPINION**
                             )
JO ANNE B. BARNHART,         )
Commissioner of Social Security,  )     By:    Honorable Glen E. Conrad
                             )               United States District Judge
          Defendant.         )

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff was not under a disability at any time prior to the final decision of the Commissioner. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Roberta C. Reardon, was born on June 16, 1962 and eventually completed her high school education. Mrs. Reardon has been employed as a sewing machine operator, cafeteria aide, and warehouse worker. She last worked on a regular basis in 2000. On March 1, 2004, plaintiff filed applications for disability insurance benefits and supplemental security income

benefits. She alleged that she became disabled for all forms of substantial gainful employment on June 5, 2000 due to weakness and pain in her left leg, difficulty sleeping, and carpal tunnel syndrome in her right wrist. Mrs. Reardon now maintains that she has remained disabled to the present time. As to her application for disability insurance benefits, the record reveals that plaintiff met the insured status requirements of the Act through the fourth quarter of 2005, but not thereafter. See, gen., 42 U.S.C. § 423. Consequently, Mrs. Reardon is entitled to disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before December 31, 2005. See, gen., 42 U.S.C. § 423.

Plaintiff's claims were denied upon initial consideration and reconsideration. She then requested and received a *de novo* hearing and review before an Administrative Law Judge. In an opinion dated May 18, 2006, the Law Judge also determined that Mrs. Reardon is not disabled. The Law Judge summarized plaintiff's physical and emotional impairments as follows:

> The claimant has the following severe combination of impairments: obesity, moderate to severe osteoarthritis of the knees, degenerative joint disease of the left shoulder, degenerative disc disease of the cervical spine and lumbar spine, diabetes mellitus (type II or noninsulin dependent), and polyneuropathy with bilateral carpal tunnel syndrome (20 C.F.R. 404.1520(c) and 416.920(c)). The claimant also has a nonsevere impairment of depression. The claimant may also have an impairment from headaches. However, her treating doctor did not characterize them as migraines and only mentioned them once during one office visit. The headaches are considered not severe. (TR 14).

Because of this combination of impairments, the Law Judge ruled that Mrs. Reardon is disabled for her past relevant work roles. However, the Law Judge held that plaintiff retains sufficient functional capacity to perform sedentary levels of exertion in which she is permitted to sit or stand as necessary. The Law Judge assessed Mrs. Reardon's residual functional capacity as follows:

2

After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform the exertional demands of sedentary work, or work which is generally performed while sitting. The claimant can lift/carry 20 pounds occasionally and 10 pounds frequently. The claimant can stand and walk a total of 2 hours in an 8-hour workday and sit a total of 6 hours in an 8-hour workday. The claimant must be permitted a sit/stand option. Her use of a cane restricts her lifting and carrying to light weights (as well as the carpal tunnel syndrome). She can occasionally climb ramps and stairs and can occasionally balance, stoop, kneel, crouch, and crawl. (TR 17).

Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge ruled that Mrs. Reardon retains sufficient functional capacity to perform several specific sedentary work roles which exist in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that plaintiff is not disabled, and that she is not entitled to benefits under either federal program. See, gen., 20 C.F.R. §§ 404.1520(g) and 416.920(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Reardon has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

3

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Mrs. Reardon suffers from a variety of physical problems, including obesity; advanced degenerative arthritis in her knees, especially on the left; degenerative disease process in the cervical and lumbar spines; noninsulin dependent diabetes; and polyneuropathy with bilateral carpal tunnel syndrome. There is also some indication of depression and migraine headaches. Despite such a combination of impairments, the medical record does not document the existence of such functional restrictions as could be expected to prevent performance of sedentary work activity with a sit/stand option. Clearly, Mrs. Reardon could not be expected to stand and walk for prolonged periods. However, no doctor has noted clinical findings of such functional restrictions of the upper extremities as would prevent performance of the sedentary work roles envisioned by the Administrative Law Judge. Likewise, no physician has suggested that plaintiff's headaches or depression are so severe as to limit her performance of the sedentary work activities for which she is otherwise physically capable. The court believes that the Administrative Law Judge properly relied on the testimony of a vocational expert in determining that plaintiff could be expected to do work as an office clerk or cashier, given her particular physical restrictions as well as her age, education, and prior work experience. While the medical record in this case is in conflict, the court believes that there is a substantial basis to support the Law Judge's finding that Mrs. Reardon retains sufficient functional capacity to perform certain forms of work activity. It follows that the final decision of the Commissioner must be affirmed.

4

On appeal to this court, plaintiff relies heavily on reports from Dr. Zack T. Perdue, III, a neurologist. It is true that in a report dated January 23, 2006, Dr. Perdue indicated that Mrs. Reardon is disabled. Dr. Perdue commented as follows:

> Little has changed in the past year and one-half. I think Ms. Reardon continues to have polyneuropathy as well as signs of carpal tunnel syndrome. In addition, she probably has an L5 radiculopathy on the left side. Coupling this with polyneuropathy makes it very clear that she cannot even function well at home let alone hold down work outside the home. Like many people with back problems, she has difficulty sitting for any extended period of time and has particular difficulty either with hard chairs or with chairs that cause her center of gravity to be quite low. She appears to have migraine headaches. She is having to take piroxicam daily which may be contributing to some degree of analgesic rebound.

> It is my understanding that she will be having a hearing in regard whether she is able to work. It certainly seems to me that she would not be able to. (TR 212).

However, the court notes that on the occasion of his examination, Dr. Perdue's clinical findings were not overly remarkable. For example, the neurologist noted normal upper extremity strength, including grip strength, and no clear sensory abnormalities. Although Dr. Perdue did confirm plaintiff's problems in her lower extremities, the court must agree that the neurologist's findings are not consistent with plaintiff's allegations of incapacity of the upper extremities. Stated differently, the court must conclude that the Law Judge might reasonably interpret Dr. Perdue's report so as to find residual functional capacity for sedentary work activity which permits a sit/stand option.

It is also true that Mrs. Reardon's own testimony is suggestive of substantial incapacity. However, plaintiff's primary symptoms appear to be centered in her lower extremities. (TR 30-31). She uses a cane to assist in ambulation. (TR 32). She is unable to stand or walk for prolonged periods. (TR 34-35). Plaintiff testified that she alternates between sitting and standing. (TR 38-39). The court must conclude that plaintiff's testimony admits the interpretation that, although she is

5

disabled for work requiring walking and standing, she remains capable of performing jobs in which she is able to sit or stand at will.

Dr. Barry Hensley testified as a vocational expert at the administrative hearing. The Law Judge posed the following hypothetical question to Dr. Hensley:

> Q: Okay. All right, let's presume we have a hypothetical person the same age, education, and work history as Ms. Reardon. But let's presume the person, due to her impairments, would be restricted to lifting 20 pounds on an occasional basis, 10 pounds on a more – on a frequent basis. And say that the – could do standing and walking about two hours in an eight-hour day and – that's two hours total. Sitting about six hours total in an eight-hour day. Should have the ability to alternate between standing and sitting. And she does use a cane for ambulation, which would restrict, of course, the weight she could lift and carry to only light weights. And she's only able to occasionally climb ramps and stairs and only occasionally balance, stoop, kneel, crouch and crawl. And I don't – and Dr. Perdue did indicate that she's – does have carpal tunnel syndrome. However, her grip strength is essentially normal. She does report dropping things, so, of course, she would be restricted to light weights for lifting. With those limitations, is there any jobs exist [sic] significant numbers in the national economy? (TR 40-41).

In response, the vocational expert suggested potential jobs as an office clerk and cashier. The court believes that the vocational expert's testimony, and the assumptions under which the expert deliberated, are both reasonable and consistent with the evidence of record. The court concludes that the evidence supports the Administrative Law Judge's resolution of the factual conflicts in this case. It follows that the final decision of the Commissioner must be affirmed.

In affirming the final decision of the Commissioner, the court does not suggest that Mrs. Reardon is free of all pain, discomfort, weakness, and fatigue. Indeed, the medical record confirms that plaintiff suffers from serious musculoskeletal impairments which can be expected to produce significant subjective symptoms. Given the musculoskeletal problems in Mrs. Reardon's knees and back, as well as her obesity, it is beyond question that plaintiff is disabled for all forms of work

involving standing and walking. However, the court believes that the record supports the Law Judge's finding that plaintiff's subjective discomfort has not progressed to such an extent as to prevent performance of a limited range of sedentary work activity. It must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). Once again, it appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record in questioning the vocational expert. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 1st day of May, 2007.

_Jack Conrad_
United States District Judge